## STATE OF FLORIDA v O'DONNELL

Case No. 89-59 AC A02 (County Court Case Nos. 88-30255 TC A02 and 88-165306 TI A02)

Fifteenth Judicial Circuit, Palm Beach County

February 9, 1990

### APPEARANCES OF COUNSEL

**Robert Jaegers, Esquire,** Assistant State Attorney, for appellant.
**Gregg Ross, Esquire,** for appellee.

Before CARLISLE, COHEN, COLBATH, JJ.

### OPINION OF THE COURT

COHEN, J.

### REVERSED AND REMANDED WITH INSTRUCTIONS TO TRIAL COURT

The State of Florida appeals the trial court's Order Reinstating Order Granting Defendant's Motion to Strike Witnesses dated July 7, 1989 and filed with the clerk of the trial court July 10, 1989. We have treated the State's appeal in this cause as a petition for writ of

certiorari. We have jurisdiction to review the trial court's non-final order aforementioned pursuant to Rule 9.030(c)(2), Fla. R. App. Pro. To deny the State this avenue of relief would, in effect, deny the State any relief at all. Assuming the excluded witnesses were essential to the State's case, and that their absence would severely damage the State's case, a trial without said witnesses would guarantee an acquittal. If the State were to nolle prosequi or drop the charges there could be no review of the trial court's order. We view the action of the trial court as a departure from the essential requirements of the law and have allowed the State's appeal to be treated as a petition for writ of certiorari accordingly.

The State contends that the trial court excluded witnesses necessary to the State's case without first having conducted a proper inquiry pursuant to the guidelines set forth in *Richardson v State,* 246 So.2d 771 (Fla. 1971). We agree - albeit with great reluctance and reservation - and reserve with instructions to the trial court to conduct a full and proper *Richardson* inquiry. Said inquiry must include at a minimum a determination as to whether the State's discovery violation in this cause was inadvertent or willful, whether the violation was trivial or substantial, and most important, what effect, if any, it had upon the ability of the defendant to properly prepare for trial. The effect of alternative remedies such as continuances, etc. must be considered.

We all appreciate and recognize the trial court's frustration in trying to properly bring this cause to trial. We have all experienced the miraculous and unending appearances of countless numbers of witnesses who surface just prior to or even during trial. The constant volley of continuances and transfer of files within the prosecuting attorney's office from one assistant and then to another for repeated "trial preparations" can bring the trial court to the end of its patience. Nevertheless, a review of the transcript of the hearing held on July 3, 1989 does not show a full and proper *Richardson* hearing. It is for that reason (and with great reservation) that we must reverse and remand this cause for further hearing before the trial court pursuant to the mandates of *Richardson v State,* 246 So.2d 771 (Fla. 1971).

CARLISLE, COLBATH, JJ., concur.